Mendel Zilberberg, Esq.
Joel Lewittes, Esq., *of counsel*
MENDEL ZILBERBERG & ASSOCIATES, P.C.
6619 Thirteenth Avenue
Brooklyn, New York 11219
Telephone (718) 256-2000
Facsimile (718) 256-7900

Counsel for Defendants Abraham Klein and Caring LHCSA, LLC

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

| | |
|---|---|
| *In re:* | Chapter 7 |
|     CHRISTINE PERSAUD, | Case No: 10-44815-ess |
|         Debtor. | |

----------------------------------------------------------------x

JOHN S. PEREIRA, as Chapter 7 Trustee for the
Estate of Christine Persaud,

                                Adv. Proc. Case No. 12-01176-ess

        Plaintiff,

    - against -

ABRAHAM KLEIN, CARING LHCSA, LLC, and
JOHN DOE NO. 1 through JOHN DOE NO. 5
inclusive, and JANE DOE NO. 1 through JANE
DOE NO. 5 inclusive,

        Defendants.
----------------------------------------------------------------x

ABRAHAM KLEIN,

        Plaintiff,

   -against-                                       Adv. Proc. Case No. 11-01456-ess

JOHN S. PEREIRA, CHAPTER 7 TRUSTEE
FOR DEBTOR CHRISTINE PERSAUD

        Defendant.
----------------------------------------------------------------x

**MOTION OF DEFENDANTS ABRAHAM KLEIN AND CARING LHCSA, LLC
FOR THE COURT TO ACCEPT THE APPEAL OF THE ORDER OF
THE BANKRUPTCY COURT DATED AUGUST 17, 2012 DENYING
DEFENDANTS ABRAHAM KLEIN AND CARING LHCSA, LLC'S MOTION TO
DISMISS AS AN APPEAL FROM A FINAL ORDER, OR IN
THE ALTERNATIVE, FOR LEAVE TO APPEAL THE ORDER**

Defendant Abraham Klein and Defendant Caring LHCSA, LLC (collectively "Defendants"), hereby move this Court pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8003 for leave to appeal from the Order entered by the United States Bankruptcy Court for the Eastern District of New York (Stong, B.J.) on August 17, 2012 (Dkt. No. 16) denying the Defendants' Motion to Dismiss the Chapter 7 Trustee's adversary proceeding.

**INTRODUCTION**

Although the Defendants maintain the order denying their Motion to Dismiss is a final order, which is appealable as a matter of right, the Defendants nevertheless bring this Motion for Leave in the event this Court determines that the order is not final, but rather, is an interlocutory order.

**STATEMENT OF THE FACTS NECESSARY TO AN UNDERSTANDING OF THE
QUESTIONS TO BE PRESENTED BY THE APPEAL**

**A.    The Bankruptcy Proceeding**

1.     On May 26, 2010, Christine Persaud (referred to herein as "the Debtor" or "Debtor Persaud") filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

2.     On April 8, 2011, the Court converted this case into a Chapter 7 case, and on April 13, 2011, appointed John S. Pereira, Esq. as Chapter 7 Trustee (hereinafter referred to as the "Plaintiff").

2

**B.      Klein's Adversary Proceeding**

3.      On or about September 9, 2011, Defendant Klein brought an Adversary Proceeding against the Plaintiff (Case No. 11-01456, hereinafter, the "Klein Adversary Proceeding"), seeking, *inter alia*, pursuant to Bankruptcy Rule 7001(9), a declaratory judgment that the licensed home care services agency d/b/a Caring, its successors and assigns (including Defendant Caring LHCSA, LLC), based on the Arbitration Award dated March 31, 2009, is not property of the instant Estate; that the Award affirmatively left Debtor Persaud no ownership interest in Caring; that said Award is in full force and effect; and that therefore, the estate has no property interest in Caring.

4.      On or about October 14, 2011, the Trustee filed his Answer and Counterclaim in the Klein Adversary Proceeding (Dkt. No. 8).  The Counterclaim, in the Klein Adversary Proceeding, asserts claims against Creditor Klein under Sections 541 (Property of the estate), 542 (Turnover of property to the estate) and 543 (Turnover of property by a custodian) of the Bankruptcy Code.

5.      On or about November 15, 2011, the Defendant thereafter timely answered Plaintiff's Counterclaims. (Dkt. No. 10).

6.      The Klein Adversary Proceeding is currently pending before this Court.

**C.      The Instant Adversary Proceeding**

7.      On or about May 25, 2012 (on the eve of the expiration of the statute of limitations as provided in 11 U.S.C. § 546(a)), the Plaintiff brought the instant Adversary Proceeding (hereinafter the "Trustee Adversary Proceeding") against Defendant Klein, seeking to assert his Chapter 7 Trustee's avoiding powers regarding certain assets in the Defendants' possession.

8.      In particular the Plaintiff asserts claims against Defendant Klein based on the Trustee's avoiding powers under Sections 547, 548(a)(1)(b), 549, 550(a) and/or 551 of the

3

Bankruptcy Code, as well as under Sections 273, 274 and 275 of New York's Debtor Creditor Law as made applicable by Sections 544(b), 550(a) and 551 of the Bankruptcy Code, and also asserts claims for unjust enrichment and conversion.

9. On or about June 28, 2012, the Defendants moved for dismissal of the Trustee Adversary Proceeding pursuant to Bankruptcy Rule 7012(b)(6), *inter alia*, on grounds that the claims asserted in the Trustee Adversary Proceeding are compulsory counterclaims that were not raised in the Klein Adversary Proceeding, that leave had to be obtained to assert any compulsory counterclaims that were not alleged in the initial Answer/Counterclaim of the Klein Adversary Proceeding, and since, indisputably leave was not requested, said claims are time-barred, and therefore, *inter alia*, the Complaint fails to state a claim upon which relief can be granted and how much leave is futile.

10. On or about August 13, 2012 the Court (Stong, B.J.) held a hearing on the Defendants' Motion to Dismiss.

## ORDER APPEALED FROM

11. On or about August 17, 2012, the Court (Stong, B.J.) issued an order denying the Defendants Motion to Dismiss (Doc No. 16). The Court *inter alia* determined that:

"WHEREAS, '[e]ven where a claim meets the 'same transaction' test, a party need not assert it as a compulsory counterclaim if it has not matured when the party serves his answer. *Burlington Northern R. Co. v. Strong*, 907 F.2d 707, 710 (7th Cir. 1990); and

WHEREAS, the Trustee states that he did not have adequate knowledge of the claims asserted in the Trustee Adversary Proceeding when the Counterclaims were served; and…"

4

"NOW, THEREFORE, it is hereby

ORDERED, that based upon the entire record, including the complaint filed in the Klein Adversary Proceeding, the complaint filed in the Trustee Adversary Proceeding, the Motion to Dismiss, the Response, the Reply, and the hearing held before this Court on August 13, 2012, the Motion to Dismiss is denied…"

(*See*, Exhibit 1, Order denying Defendants' Motion to Dismiss, p. 5-6).

## STATEMENT OF THE QUESTIONS TO BE PRESENTED
## BY THE APPEAL AND THE RELIEF SOUGHT

12. The questions to be presented on appeal are as follows:

   A. Did the Bankruptcy Court err when it determined that the claims asserted in the Trustee Adversary Proceeding had not "matured" when the Trustee filed the Counterclaim in the Klein Adversary Proceeding.

   B. Did the Bankruptcy Court err when it determined that this experienced Trustee did not have adequate knowledge of the claims asserted in the Trustee Adversary Proceeding at the time that the Trustee filed the Counterclaim in the Klein Adversary Proceeding.

13. The claims asserted by the Trustee in the Trustee Adversary Proceeding matured when the alleged transfers (which were prior to the Debtor filing her bankruptcy petition on May 26, 2010) occurred. The Trustee has not maintained that the claims he asserted in the Trustee Adversary Proceeding did not exist or had not matured at the time he filed his Counterclaim in the initial Klein Adversary Proceeding. Rather, it is indisputable that the Trustee could have brought such claims at any time after his appointment. However, the Trustee never sought leave to amend his Counterclaim in the Klein Adversary Proceeding to bring the claims asserted in the Trustee

Adversary Proceeding as compulsory counterclaims within the applicable timeframe. Therefore, the Court erred in its determination that the claims had not matured when the Trustee brought the Klein Adversary Proceeding.

14. Furthermore, the Record on Appeal will reflect that the Trustee was provided with substantial documentation prior to filing the Counterclaim in the Klein Adversary Proceeding and prior to the expiration of the statute of limitations, which provided him with the opportunity to seek leave to file the causes of actions asserted in the Trustee Adversary Proceeding in a timely manner as compulsory counterclaims in the Klein Adversary Proceeding. The Trustee had the luxury of having his counsel, Troutman Sanders LLP (appointed on July 27, 2011), and a large accounting firm, BDO USA, LLP (appointed on September 14, 2011), review the documentation submitted to him by Defendants. Therefore, the Trustee had ample resources and sufficient opportunity to review or obtain assistance to review all of the relevant documentation in order to assess whether to seek leave to bring this instant action, as a compulsory counterclaim, in the Klein Adversary Proceeding. Furthermore, the Record on Appeal will show that the Trustee never affirmed, let alone suggested, that he did not have the opportunity, time, or assistance available to review the documentation and information provided in order to allow him to determine whether to bring this action within the time limits prescribed by § 546(a). Therefore, there was no basis for the Bankruptcy Court to determine that the Trustee did not have adequate knowledge of the claims asserted in the Trustee Adversary Proceeding at the time that the Trustee filed the Counterclaim in the Klein Adversary Proceeding.

15. Accordingly, the Defendants seek a reversal of the decision and order below in its entirety, and dismissal of the adversary proceeding against them in its entirety.

**STATEMENT OF THE REASONS WHY THE APPEAL SHOULD BE GRANTED**

  **A. The Order denying Defendants' Motion to Dismiss is a Final Order for purposes of appellate jurisdiction.**

  16. Under 28 U.S.C. § 158(a)(1) the district court has appellate jurisdiction over bankruptcy decisions if the court order is final. *See*, 28 U.S.C. § 158(a)(1). An order is "final" for purposes of federal appellate jurisdiction when a decision has been entered that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See, In re Miner*, 222 B.R. 199, 203 (2nd Cir. BAP 1998). However, finality in the bankruptcy context is determined by a less rigid standard than that applicable to other proceedings. *Id*. "Orders in bankruptcy cases may be immediately appealed if they resolve discrete disputes within the larger case. The disposition of a discrete dispute is generally considered to be the resolution of an adversary proceeding within the bankruptcy action". *See, In re Chateaugay Corp.*, 922 F.2d 86 (2nd Cir. 1990) (internal citations omitted). Furthermore, "[w]hile the strict rule of finality is somewhat less rigid and in bankruptcy, the inquiry still involves considerations of the impact on the assets of the debtor estate, judicial economy and economy for the parties in interest in the avoidance of a multiplicity of appeals if, *inter alia,* further fact-finding is directed upon remand". *In re Rebeor*, 89 B.R. 314, 321 (1988).

  17. In this case, the adversary proceeding against the Defendants is a discrete dispute within Debtor Persaud's bankruptcy action. The granting of the Motion to Dismiss would resolve the adversary proceeding against the Defendants. Furthermore, the denial of the motion to dismiss greatly impacts the Debtor's estate, judicial economy and the economy of the parties, as proceeding with the case will be costly and time-consuming. Therefore, this court should determine that the order denying Defendants' Motion to Dismiss is final and that therefore this

Court has jurisdiction to hear the appeal.

> **B.    If this Court does not find that the Order denying Defendants' Motion to Dismiss is a Final Order, for purposes of appellate jurisdiction, it should find that the Order falls within the "collateral order" exception to the Final Judgment rule.**

18.    In order to be excepted from the final-judgment rule, the "collateral order" doctrine requires that the decision appealed from "(1) must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the actions, and (3) be effectively unreviewable on appeal from a final judgment." *See, In re Miner*, 222 B.R. 199, 203 (2nd Cir. BAP 1998) *citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); see also, *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  In *Cohen v. Beneficial Indus. Loan Corp.*, in deciding that an order was reviewable on appeal, the United States Supreme Court found that "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction".  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

19.    The denial of the Defendants' Motion to Dismiss, similar to the *Cohen* case, determines rights separable from the underling bankruptcy proceeding, and is too important to be denied review or deferred until the entire case is litigated.  The issues addressed in the Motion to Dismiss are too independent of the underlying bankruptcy action to require that appellate consideration be deferred until the entire case is litigated – as the appeal may resolve the entire adversary proceeding.  Therefore, the order denying the Defendants' Motion to Dismiss should be

exempted from the final-judgment rule, and this Court should hear this appeal.

> **C.  If this Court does not exempt the Order denying the Defendants' Motion to Dismiss from the Final Judgment rule is should nevertheless grant Defendants' request for leave to file an appeal, and hear this matter on appeal.**

20. Under 28 U.S.C. § 158 (a)(3), district courts have jurisdiction to hear appeals from any interlocutory order of the bankruptcy court "with leave of the court." District courts have held that an interlocutory appeal should be permitted if the ruling of the bankruptcy court (i) involves a controlling question of law, (ii) over which there is substantial ground for difference of opinion, and (iii) an immediate appeal would materially advance the ultimate termination of the litigation. *E.g.*, *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, No. 01 Civ. 8946, 2002 WL 535479, at *4 (S.D.N.Y. April 9, 2002); *In re MacInnis*, 235 B.R. 255, 263 (S.D.N.Y. 1998); *In re Frank Santora Equip. Corp.*, 213 B.R. 420, 422 (E.D.N.Y. 1997); *accord Young v. Paramount Commc'ns, Inc. (In re Wingspread Corp.)*, 186 B.R. 803, 806 (S.D.N.Y. 1995). These three elements are all present in this case.

> **A.  The Ruling below involves controlling questions of law.**

21. The issues addressed by the Court, in determining the Defendants' Motion to Dismiss, involve controlling questions of law. "[I]t is clear that a question of law is 'controlling' if reversal of the [lower] court's order would terminate the action." *In re Wingspread Corp*, 186 B.R. 803, 806 (1995) citing *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990).

22. Reversal of the Bankruptcy Court's decision, denying the Defendants' Motion to Dismiss, would result in dismissal of the Trustee Adversary Proceeding (Adv. Proc. Case No. 12-1176-ess). Furthermore, the grounds on which the Defendants' Motion to Dismiss, made pursuant to Bankruptcy Rule 7012(b)(6) rested -- principally -- on the assertion that the Trustee had to raise

9

the claims brought by the Trustee in the Trustee Adversary Proceeding (Adv. Proc. Case No. 12-1176-ess) as compulsory counterclaim in the Klein Adversary Proceeding (Adv. Proc. Case No. 11-01456-ess), and that given his failure to do so, the Trustee may not now seek leave to amend his counterclaims in the Klein Adversary Proceeding as the statute of limitations had expired. These issues were pure issues of law, rather than issues of fact or mixed questions of law and fact.

**B.    There is substantial ground for difference of opinion as to the ruling below.**

23.    The requirement that such a substantial ground exists may be met when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2nd Cir. 1990).

24.    The issues addressed in the Defendants' Motion to Dismiss were particularly difficult. The analysis involved the interplay between Bankruptcy Rule 7013, Rule 7015, and the timeliness of the claims brought by the Trustee. Although this issue may not be one of "first impression" in which there is *no* binding authority, there is very little case law analogous to the facts of presented on appeal. Also, the Record on Appeal will reflect that the court grappled with the difficult issues addressed in the Motion to Dismiss, and worried about the consequences of allowing such a motion given that it would dismiss claims based on procedural grounds. Therefore, it will be clear, from reviewing the Record on Appeal, that there is substantial ground for difference of opinion as to the ruling by the Bankruptcy Court.

25.    Moreover, the Bankruptcy Court's order denying Defendants' Motion to Dismiss, effectively renders the requirement to seek leave to amend a counterclaim pursuant to Rule 7015 unnecessary, as the Court's order failed to account for Trustee's statutory requirement to seek leave from the court. Such selective upholding of the rules and law by the Bankruptcy Court

should be addressed by the Court on appeal.

### C. An interlocutory appeal will materially advance the ultimate termination of this litigation.

26. The issues presented in the Defendants' Motion to Dismiss are dispositive of the Trustee Adversary Proceeding. Therefore, an immediate appeal from the decision below will certainly advance the termination of this litigation, because if defendants are successful, the litigation will simply end. *See In re Frank Santora Equip. Corp.*, 213 B.R. 420, 425 (E.D.N.Y. 1997) (leave to appeal granted where reversal of bankruptcy court's decision "would determine the adversary proceedings against [certain defendants] in their entirety" and "[a]ll claims with the exception of one would be resolved against [another defendant]"). Accordingly, leave to appeal the denial of the Defendants' Motion to Dismiss should be granted.

### CONCLUSION

Based on the foregoing reasons, either appellate review should be granted as a matter of right, or the Defendants' Motion for Leave to appeal the order of the Bankruptcy Court dated August 17, 2012, denying the Defendants' Motion to Dismiss the adversary proceeding should be permitted.

Dated: Brooklyn, New York.
        September 4, 2012

                        MENDEL ZILBERBERG & ASSOCIATES, P.C.
                        *Attorneys for Abraham Klein*

                        By:    s/Mendel Zilberberg
                                Mendel Zilberberg (MZ-6625)
                                6619 Thirteenth Avenue
                                Brooklyn, New York 11219
                                Telephone (718) 256-2000
                                Facsimile (718) 256-7900
                                Email: mz@amalgamail.com