UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re | : Chapter 7 |
| CHRISTINE PERSAUD | : Case No. 10-44815 (ESS) |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| JOHN S. PEREIRA, as Chapter 7 Trustee for the Estate of Christine Persaud, | |
| | : ADV. NO. 12-01176 (ESS) |
| Plaintiff. | |
| vs. | |
| ABRAHAM KLEIN, CARING LHCSA, LLC, and JOHN DOE NO. 1 through JOHN DOE NO. 5 inclusive, and JANE DOE NO. 1 through JANE DOE NO. 5 inclusive The names of the last 10 defendants being fictitious, the true names of said defendants being unknown to plaintiff, the parties intended being those having received the avoidable transfers described in the complaint, and those having converted, or been unjustly enriched from, property of the debtor's estate, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| ABRAHAM KLEIN, | |
| Plaintiff, | |
| - against - | : ADV. NO. 11-01456 (ESS) |
| JOHN S. PEREIRA, CHAPTER 7 TRUSTEE FOR DEBTOR CHRISTINE PERSAUD | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

20106165v2

**RESPONSE OF JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF CHRISTINE PERSAUD IN OPPOSITION TO MOTION OF DEFENDANTS ABRAHAM KLEIN AND CARING LHCSA, LLC FOR THE COURT TO ACCEPT THE APPEAL OF THE ORDER OF THE BANKRUPTCY COURT DATED AUGUST 17, 2012 DENYING DEFENDANTS ABRAHAM KLEIN AND CARING LHCSA, LLC'S MOTION TO DISMISS AS AN APPEAL FROM A FINAL ORDER, OR IN THE ALTERNATIVE, FOR LEAVE TO APPEAL THE ORDER**

John S. Pereira, as Chapter 7 Trustee (the "Trustee") for the estate of Christine Persaud (the "Debtor" or "Persaud"), and as plaintiff in the adversary proceeding (Adversary Proceeding No. 12-01176 (ESS), the "Trustee Adversary Proceeding") commenced by the Trustee against defendants Abraham Klein, Caring LHCSA, LLC ("Klein LLC", and together with Abraham Klein, collectively, "Klein"), and John Doe No. 1 though John Doe No. 5 inclusive, and Jane Doe No. 1 through Jane Doe No. 5 inclusive (each, a "Defendant", and collectively the "Defendants"), by and through the Trustee's counsel, Troutman Sanders LLP, respectfully submits this response in opposition (this "Response") to the motion of Klein [Trustee Adversary Proceeding Doc. No. 22] (the "Motion for Leave"), pursuant to 28 U.S.C. 158(a) and Rule 8003 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") for leave to appeal from the "Order On Motion to Dismiss Adversary Proceeding And Cross-Motion For Leave To Amend Or Alternatively To Consolidate Adversary Proceedings" entered by this Court on August 17, 2012 in the Trustee Adversary Proceeding [Trustee Adversary Proceeding Doc. No. 16] (the "Order") denying Klein's Motion to Dismiss (as defined below) the Trustee Adversary Proceeding. In support of the Trustee's Response, the Trustee respectfully states as follows:

## STATEMENT OF FACTS

**A.  The Bankruptcy Proceeding**

2.   On May 26, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

3. On April 8, 2011, the Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case"), and thereafter, on April 13, 2011, the Trustee was appointed as the trustee in the Debtor's chapter 7 case.

**B.     The Klein Adversary Proceeding**

4. On September 9, 2011, Abraham Klein commenced an adversary proceeding (Adv. Pro. No. 11-01456 (ESS), the "Klein Adversary Proceeding") by filing a Complaint [Klein Adversary Proceeding Doc. No. 1] against the Trustee (the "Klein Complaint") seeking a declaratory judgment that: (a) based on an Arbitration Award issued on default on March 31, 2009 (the "Arbitration Award"), Caring Home Care Agency ("Caring") and its successors and assigns, including Klein LLC, is not property of the Debtor's bankruptcy estate; (b) the Arbitration Award affirmatively left the Debtor with no interest in Caring; (c) the Arbitration Award is in full force and effect; (d) the Trustee has no interest in Caring or Klein LLC; and (e) certain Orders to Show Cause brought by the Trustee for Bankruptcy Rule 2004 examinations of certain individuals, including Abraham Klein, as well as the production of certain records relating to Caring, be disapproved.

5. In response to the Klein Complaint, on November 15, 2011, the Trustee filed his "Answer and Counterclaims" in the Klein Adversary Proceeding [Klein Adversary Proceeding Doc. No. 8] (the "Counterclaims").  The Counterclaims contend that Klein, based on the Arbitration Award obtained and confirmed on default, which confirmation was vacated and set aside by the a decision of the New York State Court, Appellate Division, Second Department (the "Second Department Decision"), wrongfully seized and asserted control over assets and property of the Debtor's estate which must be turned over to the Trustee pursuant to section 541 of the Bankruptcy Code, along with a complete accounting of Klein's subsequent use of all property taken.

20106165v2

6. The Trustee's Counterclaims also allege that Klein seized and took control of the accounts receivable of the Debtor's Caring business, and, based on the Second Department Decision, Klein's misappropriation, diversion and misuse of those accounts receivable diminished property of the estate of Persaud. Accordingly, the Trustee asserts that pursuant to section 541, 542, and 543 of the Bankruptcy Code, Klein must turn over to the Trustee all of the accounts receivable and the proceeds collected, along with a complete accounting for same.

7. Moreover, the Counterclaims assert, <u>inter alia</u>, that: (a) pursuant to section 541 of the Bankruptcy title to the ownership of Caring belongs to the Trustee, and (b) pursuant to sections 541, 542 and 543 of the Bankruptcy Code the Trustee is entitled to an immediate turnover of the ownership of Caring and its successors and assigns from Klein, along with its operation and an accounting from Klein for all funds and property of the Debtor's Caring Business received and disbursements made by Klein and his agents and representatives, including its books and records since he took over control and operations of Caring in April 2009.

C. The Trustee Adversary Proceeding

8. On May 25, 2012, the Trustee commenced the Trustee Adversary Proceeding by filing a Complaint [Trustee Adversary Proceeding Doc. No. 1] (the, "<u>Trustee Complaint</u>"), (a) pursuant to sections 108, 544(b), 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code, Bankruptcy Rule 7001(1) and New York Debtor and Creditor Law Sections 273 through 275, to avoid certain transfers made to the Defendants; (b) pursuant to section 550(a)(1) and 551 of the Bankruptcy Code, to preserve and recover such transfers, or the value of such transfers, from the Defendants or from any other person or entity for whose benefit the Transfers were made; (c) for wrongful conversion of property of the Debtor's estate; (d) for unjust enrichment by

misappropriation, diversion and misuse of property of the Debtor's estate; and (e) for relief under other applicable statutory and common law theories of avoidance and recovery.

**D.     The Motion to Dismiss, Cross-Response and Cross-Motions**

9.     On June 28, 2012, Klein filed a motion pursuant to Bankruptcy Rule 7012(b)(6) to dismiss the Trustee Adversary Proceeding on grounds, <u>inter alia</u>, that the claims asserted in the Trustee Adversary Proceeding are compulsory counterclaims that were not raised in the Klein Adversary Proceeding and are time-barred, and that the Trustee Complaint fails to state a claim upon which relief can be granted [Trustee Adversary Proceeding Doc. No. 6] (the "<u>Motion to Dismiss</u>").

10.     On July 27, 2012, the Trustee filed a response to the Motion to Dismiss (the "<u>MTD Response</u>") and a cross-motion pursuant to Bankruptcy Rules 7013, 7015, and 7042 (the "<u>Cross-Motion</u>"), for leave to amend the Counterclaims filed in the Klein Adversary Proceeding, or alternatively to consolidate the Trustee Adversary Proceeding and the Klein Adversary Proceeding [Klein Adversary Proceeding Doc. No. 21], along with a memorandum of law in support of the MTD Response and Cross-Motion [Klein Adversary Proceeding Doc. No. 22].

11.     On July 27, 2012, the Trustee filed the same MTD Response and Cross-Motion filed in the Klein Adversary Proceeding in the Trustee Adversary Proceeding [Trustee Adversary Proceeding Doc. No. 10], along with the same memorandum of law in support of the MTD Response and Cross-Motion filed in the Klein Adversary Proceeding [Trustee Adversary Proceeding Doc. No. 11].

12.     On August 6, 2012, Klein filed a reply to the Cross-Motion, opposition to the Trustee's request to consolidate the Trustee Adversary Proceeding and the Klein Adversary Proceeding, and a reply to the Trustee's opposition to the Motion to Dismiss in the Klein Adversary [Klein Adversary Proceeding Doc. No. 26] (the "<u>Reply</u>").  Klein filed the same Reply

in the Trustee Adversary Proceeding on August 6, 2012 [Trustee Adversary Proceeding Doc. No. 14].

13. On August 14, 2012, the Bankruptcy Court held a hearing on the Motion to Dismiss and the Cross-Motion (the "Hearing"), at which the Trustee and Klein each appeared by counsel and were heard, and the Bankruptcy Court reserved decision.

**E.     The Order**

14. On August 17, 2012, the Bankruptcy Court entered the Order in the Klein Adversary Proceeding [Klein Adversary Proceeding Doc. No. 28] and the Trustee Adversary Proceeding [Trustee Adversary Proceeding Doc. No. 16].

15. The Order states, inter alia, in relevant part that:

WHEREAS, "[e]ven where a claim meets the 'same transaction' test, a party need not assert it as a compulsory counterclaim if it has not matured when the party serves his answer." *Burlington Northern R. Co. v. Strong,* 907 F.2d 707, 710 (7th Cir. 1990); and

WHEREAS, the Trustee states that he did not have adequate knowledge of the claims asserted in the Trustee Adversary Proceeding when the Counterclaims were served; and

WHEREAS, the Trustee Adversary Proceeding was commenced timely for purposes of the limitations period in which to assert avoidance power claims, pursuant to Bankruptcy Code Sections 108, 546, 547, 548, 549, 550, and 551, Bankruptcy Rule 7001(1), and New York Debtor and Creditor Law Sections 273 through 275.

.   .   .

ORDERED, that based upon the entire record, including the complaint filed in the Klein Adversary Proceeding, the complaint filed in the Trustee Adversary Proceeding, the Motion to Dismiss, the Response, the Reply, and the hearing held before this Court on

> August 13, 2012, the Motion to Dismiss is denied; and it is further
>
> ORDERED, that based upon the entire record, including the Cross-Motion, the Reply, and the hearing held before this Court on August 13, 2012, the Cross-Motion for leave to amend the Answer and Counterclaims is denied; and it is further
>
> ORDERED, that based upon the entire record, including the Cross-Motion, the Reply, and the hearing held before this Court on August 13, 2012, the Cross-Motion to consolidate the Klein Adversary Proceeding and the Trustee Adversary Proceeding is denied; and it is further
>
> .   .   .
>
> ORDERED, that all other relief requested in the Motion to Dismiss and the Cross-Motion is denied.

Order, at 5-6.

**F.     The Attempted Appeal.**

16.     On August 31, 2012, Klein filed a Notice of Appeal in the Trustee Adversary Proceeding [Trustee Adversary Proceeding Doc. No. 18] (the "<u>Notice of Appeal</u>") under 28 U.S.C. § 158(a)(1) for an appeal from the Order entered in the Trustee Adversary Proceeding [Trustee Adversary Proceeding Doc. No. 16 ], denying Klein's Motion to Dismiss, to the United States District Court for the Eastern District of the New York (the "<u>District Court</u>").  Thereafter, on September 4, 2012, Klein filed the instant Motion for Leave in the Trustee Adversary Proceeding maintaining that the Order is final and seeking leave to appeal the Order if it is determined to be interlocutory.

17.     On September 14, 2012, the Trustee filed a Notice of Cross Appeal in the Trustee Adversary Proceeding [Trustee Adversary Proceeding Doc. No. 25] (the "<u>Cross-Appeal</u>"), <u>solely</u> for the limited purpose of preserving the claims set forth and relief requested by the Trustee in

the Cross-Motion to the extent the District Court determines to hear, or grant leave to hear, the appeal filed in the Klein Adversary Proceeding.

## ARGUMENT

18. Unwilling to await the outcome of the Trustee Adversary Proceeding, Klein instead again seeks judicial review - again at the District Court level - of the Bankruptcy Court's Order denying Klein's Motion to Dismiss. Klein seeks a reversal of the Order of the Bankruptcy Court on the grounds that the Bankruptcy Court erred in its determination that the claim asserted by the Trustee in the Trustee Adversary Proceeding had not matured when the Trustee brought the Klein Adversary Proceeding. Contrary to Klein's remarkable assertions, the MTD Response and Cross-Motion and the record of the Hearing, and the Order, establish that the Trustee did not receive any significant portion of the documentation that Klein had been directed to produce in connection with certain orders of the Bankruptcy Court pursuant to Bankruptcy Rule 2004 until after March 23, 2012, over five (5) months _after_ the Trustee filed his Answer and Counterclaims, and therefore only began to examine the piecemeal discovery produced by Klein two (2) months before _timely_ filing and commencing the Trustee Adversary Proceeding within the statute of limitations prescribed by section 546 of the Bankruptcy Code. As a result, the Bankruptcy Court did have a basis to determine that the Trustee did not have adequate knowledge of the claims asserted in the Trustee Adversary Proceeding at the time the Trustee filed the Answer and Counterclaims in the Klein Adversary. Hence, the Bankruptcy Court committed no error in denying Klein's Motion to Dismiss and allowing the timely filed Trustee Adversary Proceeding to continue.

19. More importantly, for the reasons detailed below, Movants fail to satisfy the criteria necessary for an immediate appeal. By the Motion for Leave, Klein has failed to offer

20106165v2

any extraordinary circumstances to justify treating this interlocutory Order different from all other orders denying motions to dismiss.

### A. The Order Denying the Motion to Dismiss is Not a Final Order

20. Klein alleges that the Order entered in the Trustee Adversary Proceeding should be deemed final because "the [Trustee Adversary Proceeding] against [Klein] is a discrete dispute within Debtor Persaud's bankruptcy action." Motion for Leave, at 7. Certainly the Trustee Adversary Proceeding, an action seeking the recovery of Caring and the Caring business, the primary assets at issue in this Chapter 7 Case, is not a "discrete dispute" but rather central to the Trustee's administration of the Debtor's estate. Nevertheless, the District Court has consistently found that orders denying motions to dismiss are interlocutory and not final orders. See Yerushalmi v. Shiboleth, 405 B.R. 44 (E.D.N.Y. 2009) (finding that an underlying bankruptcy court order granting in part and denying in part appellant's motion to dismiss was an interlocutory order); Americare Health Group, Inc. v. Melillo, 223 B.R. 70, 74 (E.D.N.Y. 1998) (stating that "the bankruptcy court's order denying defendant's motion to dismiss . . . is not a final order because the denial of a motion to dismiss does not end the litigation on the merits"); Marlin v. United States Trustee, 333 B.R. 14, 20 (W.D.N.Y. 2005) (stating that "[a] motion to dismiss a complaint in an adversary proceeding is classified as an interlocutory and non-final order") (citations omitted). Accordingly, based on the law in this Circuit, it is clear that the Order is not a final order.

### B. The Order Does Not Fall Within the Collateral Order Exception

21. Klein alleges in the Motion for Leave that the Order falls within the collateral order exception to the final-judgment rule. The District Court has stated that, "[f]or an interlocutory order to be considered appealable under the collateral order doctrine, it must meet three requirements: (1) the order must conclusively determine the disputed question; (2) the

20106165v2

order must resolve an important question completely separate from the merits of the action; and (3) the order mush be effectively unreviewable on appeal from final judgment." Americare, 223 B.R. at 73; See Gulstream v. Mayacamas Corp., 485 U.S. 271, 276 (1988). Moreover, in Cohen v. Beneficial Loan Corp., the United States Supreme Court stated that the collateral order doctrine permits appeal from a narrow class of orders that "finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949).

22. Klein suggests that the Cohen case is similar to the instant matter and therefore the exception should apply. To support this position, Klein merely recites the aforementioned language from the decision arguing that the denial of the Motion to Dismiss determines rights separable from the underlying bankruptcy proceeding, is too important to be denied review, and is too important to be deferred until the entire case is litigated, without ever comparing the underlying facts in the instant matter to the Cohen case to establish any similarity. The reason this is so is because Klein cannot make such a factual comparison since the Cohen case does not consider, or even address, an order denying a motion to dismiss. Simply repeating a legal standard does not mean that such a standard applies to any factual circumstance.

23. The Order does not fall within the "narrow exception" provided for under the collateral order doctrine because the denial of a motion to dismiss can be effectively reviewed on appeal from a final judgment. See Richards-Merrell Inc. v. Koller, 472 U.S. 424 (1985); Yerushalmi, 405 B.R. at 48; see also In re Johns-Manville Corp., 824 F.2d 176, 180 (2d Cir. N.Y. 1987) (stating that the collateral order doctrine is "confined to 'trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal'"). The District Court

has addressed the appealability of orders denying motions to dismiss in several prior decisions. In <u>Americare</u>, the District Court expressly stated that "[a]s for the bankruptcy court's order denying defendant's motion to dismiss, it is not a final order because the denial of a motion to dismiss does not end the litigation on the merits. Indeed, it is well settled that denial of a motion to dismiss a complaint in an adversary proceeding is an interlocutory order. … Nor is it an appealable interlocutory order under the collateral order doctrine because the order may be reviewed on appeal from any judgment adverse to the defendant." <u>Americare</u>, 223 B.R. at 74. Therefore, based on applicable authority from the District Court, the collateral order exemption should not be applied to the Order.

**C.   Klein Cannot Show Exceptional Circumstances for the Court to Grant Leave to Appeal the Order**

   **(i)   *Applicable Law***

24.   The immediate appealability of an interlocutory bankruptcy court order is governed by 28 U.S.C § 158(a)(3), which provides that an immediate appeal may be taken only with leave of the federal district court for the district in which the bankruptcy court that issued the Order sits.[1]  Because neither section 158(a) nor the Bankruptcy Code or Bankruptcy Rules provide standards for evaluating a motion for leave to appeal, the decision whether to grant leave is committed to the discretion of the District Court. <u>See, e.g.</u>, <u>In re Kassover</u>, 343 F.3d 91 (2d Cir. 2003); <u>In re Worldcom, Inc.</u>, 2009 WL 2215296*3 (S.D.N.Y. 2009).  In exercising this discretion, most district courts, including this District Court, apply the standards applicable under 28 U.S.C. § 1292(b) governing appeals from interlocutory appeals from orders entered by the

---

[1] The procedure for seeking leave to appeal is set forth in Bankruptcy Rules 8001(b) and 8003.  <u>See</u> Fed. R. Bankr. P. 8001(b) and 8003.

federal district courts.[2] See, e.g., Futter v. Duffy (In re Futter Lumber Corp.), 473 B.R. 20 (E.D.N.Y. 2012); In re Cutter, 2006 U.S. Dist. LEXIS 61242 (E.D.N.Y. Aug. 29, 2006); See also, Alan N Resnick, Henry J. Sommer, 10 Collier on Bankruptcy ¶ 8003.03 (15th rev. ed. 2009).

25. Under these standards, the party seeking leave to take an interlocutory appeal has the burden to demonstrate exceptional circumstances sufficient to "overcome the general aversion to piecemeal appeals" and to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Arochem Corp., 176 F.3d 610, 619 (2d Cir. 1999); In re Flor, 79 F.3d 281, 284 (2d Cir. 1996); In re Perry H. Koplik & Sons, Inc., 377 B.R. 69, 73-74 (S.D.N.Y. 2007). Interlocutory appeal is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation and is not intended as a general vehicle to provide early review. See, e.g., In re Enron Corp., 2006 WL 2548592 * 3 (S.D.N.Y. 2006). In this regard, the Second Circuit has stressed that the power to grant interlocutory review should not be "liberally construed." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave, 921 F.2d 21, 24-25 (2d Cir. 1990).

26. Consistent with these limitations, interlocutory appeal is permitted only where the order appealed (1) involves a controlling question of law, (2) over which there is a substantial ground for difference of opinion, and where (3) an immediate appeal would materially advance the ultimate termination of the litigation. See, e.g., Futter, 473 B.R. at 27; Thaler v. Estate of

---

[2] Section 1292(b) states, in pertinent part, that:
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

28 U.S.C. § 1292(b).

20106165v2

Arbore (In re Poseidon Pool & Spa Rec., Inc.), 443 B.R. 271 (E.D.N.Y. 2010); Yerushalmi, 405 B.R. at 47.  All three requirements must be met for the District Court to grant leave to appeal. Poseidon, 443 B.R. at 275.

27.     For the reasons stated below, Klein has failed to satisfy any of the prerequisites for leave to take an interlocutory appeal of the Bankruptcy Court's Order denying Klein's Motion to Dismiss.  The purported "questions" that Klein identifies are hardly "controlling questions of law," and, in fact, are not questions of law at all. All of the alleged "questions" require a factual determination of the Trustee's knowledge at the time of the Counterclaims and a study of the record.  Moreover, not only is there no "substantial ground for difference of opinion" concerning whether the Bankruptcy Court resolved these "questions" correctly, there is no doubt that it did so.  Finally, granting Klein's Motion for Leave would not advance the ultimate termination of any litigation in the Trustee Adversary Proceeding (or the Klein Adversary Proceeding).  Instead, it would divert the Trustee's attention and resources toward a frivolous appeal and would delay the advancement of the Trustee Adversary Proceeding.

### (ii)     *Klein has Failed to Identify a "Controlling Question of Law"*

28.     Klein incorrectly asserts that the issues raised by the Bankruptcy Court in denying the Motion to Dismiss raise a controlling question of law because a reversal of the Order would terminate the Trustee Adversary Proceeding.  As stated by the District Court in the Futter case, "[t]his articulation of the standard speaks to the 'controlling' aspect … However, the more complicated issue is whether there is a controlling *question of law*, notwithstanding its controlling feature."  Futter, 473 B.R. at 27.  Hence, in regard to the first prong of this test, the "controlling question of law" must first and foremost be just that - a question of law.  See Futter, 473 B.R. at 27; Koplik, 377 B.R. at 73-74; Enron, 2006 WL 2548592 at * 4.  It cannot involve a question of fact, or even a question requiring the application of the appropriate law to the

- 13 -

relevant facts. See Futter, 473 B.R. at 27 ("where a legal issue is essentially fact based in nature interlocutory appeal is not appropriate") (emphasis added, internal citation and quotation marks omitted); In re Marketxt Holdings Corp., 2009 WL 1286130 * 1 (S.D.N.Y. 2009). Rather, it must be a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Futter, 473 B.R. at 27 (emphasis added, internal citation and quotation marks omitted); See Koplik, 377 B.R. at 74; Enron, 2006 WL 2548592 at * 4; Freeman v. NBC, Inc., 1993 WL 524858 * 2 (S.D.N.Y. 1993).

29. Klein states that, if granted leave to appeal, they would raise the following questions: (1) "[d]id the Bankruptcy Court err when it determined that the claims asserted in the Trustee Adversary Proceeding had not "matured" when the Trustee filed the Counterclaim in the Klein Adversary Proceeding"; and (2) "[d]id the Bankruptcy Court err when it determined that this experienced Trustee did not have adequate knowledge of the claims asserted in the Trustee Adversary Proceeding at the time that the Trustee filed the Court in the Klein Adversary Proceeding." Motion for Leave, at 5.

30. Neither of these "questions" is a question of law. On the contrary, each of them requires a review of the factual determination that the Trustee's claims in the Trustee Adversary Proceeding did not mature and the Trustee did not have adequate knowledge of such claims at the time the Trustee filed the Counterclaims. Thus, the "questions" identified by Klein - to the extent that they are cognizable questions at all - are factual, not legal, or at best mixed questions of law and fact. They clearly are not issues that the District Court "could decide quickly and cleanly without having to study the record" and, as such, are not eligible for interlocutory review. Futter, 473 B.R. at 27.

20106165v2

### (i) *Klein has Failed to Demonstrate a "Substantial Ground for a Difference of Opinion"*

31.     The second prong of the test is equally stringent. Substantial ground for difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." Enron, 2006 WL 2548592 at * 4 (internal citations and quotations omitted); See Futter, 473 B.R. at 29.

32.     Klein has failed to show that there are substantial grounds for a difference of opinion.  Klein alleges that there is a substantial ground for difference of opinion because the Bankruptcy Court allegedly "grappled with difficult issues" involving the "interplay between Bankruptcy Rules 7013, Rule 7015, and the timeliness of the claims brought by the Trustee. Motion for Leave, at 10.  However, Klein points to nothing in the Order, or the record of the Hearing, to suggest that the questions raised by Klein are particularly difficult.  Regardless, by Klein's own admission the "questions" presented are not ones of first impression for the Second Circuit. Motion for Leave, at 10.  As the Second Circuit stated in Flor v. BOT Fin. Corp., "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281 (2d Cir. 1996).  Hence, the requirement that an issue be both difficult <u>and</u> one of first impression in order for there to be substantial ground for difference of opinion is not disjunctive.

33.     A "substantial ground for a difference of opinion" concerning the propriety of the Bankruptcy Court's resolution of a question exists only if there is "substantial doubt" that the Bankruptcy Court's Order was correct. See, e.g., Enron, 2006 WL 2548592 at 4; In re Adorn Glass & Venetian Blind Corp., 2005 WL 3481325 * 5 (S.D.N.Y. 2005).  Here, the issues are not ones of first impression in the Second Circuit, and there is no conflicting case law.  The fact that

Klein disagrees with the Bankruptcy Court is not, in and of itself, sufficient to create "substantial doubt." See, Enron, 2006 WL 2548592 at *4; See also, Ellsworth v. Myers (In re Cross Media Mktg. Corp.), No. 07 Civ. 878, 2007 U.S. Dist. LEXIS 69780 (S.D.N.Y. Sept. 19, 2007) ("merely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion."); Futter, 473 B.R. at 27. Moreover, to ascertain whether such doubt exists, the reviewing court must examine the strength of the opposition to the challenged ruling and determine whether those arguments create truly substantial doubt as to the propriety of that ruling. See, e.g., Flor, 79 F.3d at 284; Enron, 2006 WL 2548592 at *4. Klein's only argument that there is substantial ground of difference of opinion (presented in less than one page) is based on the premise that the Bankruptcy Court grappled with difficult procedural issues before issuing its Order. Such vague assertions cannot create the truly substantial doubt necessary for the District Court to review the correctness of the Order. Accordingly, Klein has not shown that there are substantial grounds for a difference of opinion.

**(iv)** *Granting Klein Leave to Appeal Would Not Materially Advance the Termination of the Trustee Adversary Proceeding*

34. As for the third prong of the test, an immediate appeal is considered to advance the ultimate termination of the litigation if that "appeal promises to advance the time required for trial or to shorten the time required for trial." See, e.g., Koplik, 377 B.R. at 74; Transport Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth., 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005). See also, Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) (interlocutory appeal is "reserved for those cases where an immediate appeal may avoid protracted litigation").

35. Klein alleges that the issues presented in the Motion to Dismiss are dispositive of the Trustee Adversary Proceeding and therefore an immediate appeal will advance the

- 16 -

20106165v2

termination of Trustee Adversary Proceeding because if Klein is successful the litigation will end. If we are to accept Klein's argument, then all orders denying motions to dismiss would be immediately appealable based on the prospect of reversal and finality, and therefore such orders would be effectively final as opposed to interlocutory. This line of reasoning is completely counter to the exhaustive case in the Second Circuit designating such orders as interlocutory and suggests the District Court should ignore its own precedent. That cannot be the case.

36. Finally, granting Klein leave to appeal would not in any way advance the termination of Trustee Adversary Proceeding. On the contrary, it would force the Trustee and counsel to incur additional fees and costs to defend a frivolous appeal and would require them to divert yet more time, attention, and resources from the administration of the Debtor's estate in the Chapter 7 Case, and the advancement of the Trustee Adversary Proceeding and Klein Adversary Proceeding. In addition, to the extent leave were to be granted for Klein to appeal the Order, out of caution, the Trustee has filed a Cross-Appeal solely to preserve the Trustee's arguments under Bankruptcy Rules 7013, 7015, and 7042. Therefore, if necessary, the Trustee will proceed with an appeal of the Order's denial of the Cross-Motion, which the Trustee is confident would alternatively result in a reversal of the Bankruptcy Court's denial of the Cross-Motion and leave the Trustee to continue to prosecute the avoidance claims alleged in the Trustee Adversary Proceeding only after more time and cost is expended returning to the Bankruptcy Court's initial result; that is the status quo continuation of the Trustee Adversary Proceeding. In short, granting the Motion for Leave would impede, not materially advance, the termination of the Trustee Adversary Proceeding.

20106165v2

## **CONCLUSION**

For all of the aforementioned reasons, the Notice of Appeal and Motion for Leave should be denied.

Dated: New York, New York
      September 18, 2012

TROUTMAN SANDERS LLP

By:   *s/John P. Campo*
    John P. Campo
    Lee W. Stremba
    Brett D. Goodman
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174
    Tel.: (212) 704-6000
    Fax: (212) 704-5966

*Attorneys for John S. Pereira, as Chapter 7
Trustee for the Estate of Christine Persaud*